UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ODESSA F. VINCENT, | ) |
| Plaintiff, | ) |
| v. | ) Civil Case No. 11-2018 (RJL) |
| TIMOTHY F. GEITHNER, *et al.* | ) |
| Defendants. | ) |

St

## MEMORANDUM OPINION
(August 31, 2012) [#7 and #9]

Plaintiff Odessa F. Vincent ("plaintiff") brings this action against the Mayor of the District of Columbia, Vincent Gray, Chief Judge of the Superior Court for the District of Columbia ("D.C. Superior Court"), Lee F. Satterfield, Chief Judge of the District of Columbia Court of Appeals, Eric T. Washington, Executive Officer of the District of Columbia Court, Anne B. Wicks (collectively, "District defendants"), and Secretary of the Treasury, Timothy F. Geithner ("Geithner") (collectively, "defendants"), seeking the full amount of disability benefits as a retired D.C. Superior Court judge. Before the Court is the District defendants' Motion to Dismiss [Dkt. #7] and Geithner's Motion to Dismiss [Dkt. #9]. Upon consideration of the parties' pleadings, relevant law, and the entire record therein, the defendants' Motions to Dismiss are GRANTED.

### BACKGROUND

Plaintiff, a former D.C. Superior Court Associate Judge, brings this action against defendants, claiming violations of plaintiff's rights under the Fifth Amendment, 42

1

U.S.C. § 1983, and Sections 448 and 449 of the District of Columbia Self-Government and Governmental Reorganization Act, as well as breach of fiduciary duty to the plaintiff. Compl. ¶¶ 1, 38-47, ECF No. 1. The basis of plaintiff's suit is defendants' alleged miscalculation of her retirement benefits, resulting in a net loss of $82,000 at the time plaintiff filed her complaint in the instant case. *See generally id.*

Plaintiff served as an Associate Judge for the D.C. Superior Court from December 2001 until April 2010, when she elected to take disability retirement. *Id.* ¶¶ 11-12. In May 2010, the Treasury's Office of D.C. Pensions ("D.C. Pensions Office") received the plaintiff's complete retirement package for disability benefits, with a retroactive April 10, 2010 commencement date, as well as her certified employment history and record of contributions. *See* Geithner Reply in Supp. of Mot. to Dismiss ("Geithner Reply"), Ex. D at 1, ECF No. 14. Two months later, the D.C. Pensions Office initiated plaintiff's disability retirement benefits, in an amount signifying 50% of her active judicial compensation, "in accordance with the disability retirement provisions based on the service data and employee contributions [the D.C. Pensions Office] had." *Id.* at 2. Via August 24, 2011 and October 4, 2011 letters to the U.S. Department of the Treasury (the "Treasury"), however, plaintiff and her counsel disputed the D.C. Pensions Office's calculation of plaintiff's disability retirement benefits, contending in essence that plaintiff was entitled to an additional amount due to her prior years of federal service. *See* Geithner Mot., Ex. A at 1; Ex. B at 1.

As such, the Treasury instituted an administrative review procedure in response to

2

her letters. But, in the middle of that process[1], only one month after the plaintiff's second letter to the D.C. Pensions Office and almost two months *before* the Treasury's initial benefit determination, plaintiff filed the instant action, seeking declarative and injunctive relief, unpaid retirement and other compensatory damages, and attorney's fees. *See generally* Compl. As such, plaintiff does not even dispute that she filed suit in this Court well before her initial application for a corrected pension calculation cleared the first step of the Treasury's three-tiered review process, much less before plaintiff obtained a final decision on the issue. *See* Pl.'s Mem. in Opp'n to District Defs.' Mot. to Dismiss ("Pl.'s Opp'n to Dist. Defs.") at 5, ECF No. 8; Pl.'s Opp'n to Def. Geithner's Mot. to Dismiss ("Pl.'s Opp'n to Geithner") at 4, ECF No. 12.

In the months after plaintiff filed this suit, both the District defendants and defendant Geithner moved to dismiss this action for failure to exhaust administrative remedies, among other grounds, as plaintiff had not yet completed the administrative process at the Treasury before initiating this action. *See* District Defs.' Mot. to Dismiss ("Dist. Defs. Mot.") at 1, ECF No. 7; Geithner's Mot. to Dismiss ("Geithner Mot.") at 1, ECF No. 9. Indeed, the absurdity of her filing this suit is evident when one looks at the

---

[1] As set forth in 31 C.F.R. §§ 29.401 to 29.407, the Treasury has a three-step administrative process for hearing and resolving disputes about retirement benefits, which includes: (1) an "initial benefit determination" by a Benefits Administrator, who "determine[s] the eligibility for and the amount and form of [f]ederal [b]enefit [p]ayments"; (2) a "reconsideration" of benefit denials by the Benefits Administrator if "claimants . . . disagree with the amount or form of a [f]ederal [b]enefit [p]ayment determination and wish to contest the determination"; and (3) an appeal of the reconsideration decision to the Treasury. 31 C.F.R. §§ 29.404(a)-(d), 29.405. Once a claimant has completed the three-step review process, section 406 specifies that he or she "may, within 180 days of the date of the final decision, file a civil action in the United States District Court for the District of Columbia." 31 C.F.R. § 29.406.

3

progress of plaintiff's administrative case during the pendency of this case.  In a January 5, 2012 initial benefits determination, a mere seven weeks after the plaintiff filed this suit, the Treasury's Benefits Administrator *agreed* with the plaintiff that her prior years of federal employment should be credited for benefit calculation purposes, and "strongly urge[d]" the plaintiff to apply for Social Security disability benefits, if she had not yet applied, so that the D.C. Pensions Office could recalculate the amount of benefits due to the plaintiff.  *See* Geithner Mot., Ex. A at 1.  The initial benefit determination letter also provided plaintiff with sixty days to seek reconsideration of the Benefits Administrator's determination, per 31 C.F.R. § 29.404, which she did on March 2, 2012.[2]  *See id.*; Geithner Mot., Ex. C.

Less than one month later, on March 30, 2012, the Treasury's Benefits Administrator issued a second-level decision on plaintiff's reconsideration request, once again concurring with the plaintiff that her retirement benefits should be substantially increased.  *See* Geithner Reply, Ex. D at 3.  Before it would pay the amount requested, however, the D.C. Pensions Office requested (1) a declaration from the plaintiff "regarding her medical condition and ineligibility to receive Social Security disability benefits," and (2) that plaintiff elect to "purchase" several months of federal service for which she did not make employee contributions to the Civil Service Retirement System.

---

[2] In her March 2, 2012 reconsideration request, plaintiff countered the Benefits Administrator's requirement that she apply for Social Security disability benefits. Geithner Mot., Ex. C at 1-2.  More specifically, plaintiff asserted that although she was eligible for disability retirement under the D.C. Code provisions, she was "not medically qualified" for Social Security Disability Insurance ("SSDI") under the SSDI regulations, and therefore "ha[d] not and [could not] apply for Social Security [d]isability benefits." *Id.* at 1.

4

*See id.* On April 3, 2012, the plaintiff submitted the requested declaration and purchased the required options, Geithner Reply, Ex. E, while allowing her thirty-day window to appeal the Treasury's reconsideration determination to lapse at the end of that month, *see* Def. Geithner's Sugg. of Mootness at 2, ECF No. 16; 31 C.F.R. § 29.405(c)(1). Thus, within only a few months, a record of the parties' particular positions was formed, the crucial issues were narrowed, and the plaintiff's claim for increased retirement benefits was acknowledged and accepted, all at the *administrative level*, without any necessity for intervention from the federal judiciary. More importantly, by failing to exhaust her administrative remedies, plaintiff deprived the Treasury of "the opportunity to correct [its] own errors," inhibited the Court from obtaining "the benefits of [the Treasury's] expertise" and prevented the "compiling [of] a record adequate for judicial review."[3] *Avocados Plus*, 370 F.3d at 1247 (quoting *Marine Mammal Conservancy, Inc. v. Dep't of Agric.*, 134 F.3d 409, 414 (D.C. Cir. 1998)).

## ANALYSIS

Defendants move to dismiss this action for failure to exhaust administrative

---

[3] Exhaustion "serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992). Indeed, the exhaustion doctrine not only "acknowledges the commonsense notion . . . that an agency ought to have an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court," *id.*, but it also promotes judicial efficiency by allowing judicial controversies to be mooted, and piecemeal appeals to be avoided, via the agency's correction of its own errors. *Id.*; *see also, e.g., Parisi v. Davidson*, 405 U.S. 34, 37 (1972). "And even where a controversy survives administrative review, exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration, especially in a complex or technical factual context." *McCarthy*, 503 U.S. at 145-46; *see also, e.g., Weinberger v. Salfi*, 422 U.S. 749, 765 (1975).

5

remedies pursuant to Federal Rule of Civil Procedure 12(b)(6).[4] The Court is, of course, aware of its discretion to excuse exhaustion, as the plaintiff contends it should, if "the litigant's interests in immediate judicial review outweigh the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further." *McCarthy v. Madigan*, 503 U.S. 140, 146 (1992) (citation omitted). Here, however, none of the circumstances in this case merit such an exemption. *See UDC Chairs Chapter, Am. Ass'n of Univ. Professors v. Bd. of Trs. of the Univ. of D.C.*, 56 F.3d 1469, 1475 (D.C. Cir. 1995) ("In this circuit, the exhaustion requirement may be waived only in the most exceptional circumstances.") (internal quotation marks and citation omitted). Indeed, it is difficult to make a convincing argument that the pursuit of the Treasury's administrative remedies would be in any way "clearly useless", *UDC Chairs*, 56 F.3d at 1475 (citation omitted), when the defendants have already remedied plaintiff's

---

[4] Although courts in this district continue to struggle with the proper standard for failure to exhaust, *see Lyles v. District of Columbia*, 777 F. Supp. 2d 128, 132 (D.D.C. 2011); *Hansen v. Billington*, 644 F. Supp. 2d 97, 102 (D.D.C. 2009), the overarching trend has been to treat failure to exhaust as a failure to state a claim, rather than as a jurisdictional deficiency, absent a clear statement from Congress indicating that there is no federal jurisdiction prior to exhaustion. *Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1247-48 (D.C. Cir. 2004); *see, e.g., Hall v. Sebelius*, 689 F. Supp. 2d 10, 21 (D.D.C. 2009); *Williams-Jones v. LaHood*, 656 F. Supp. 2d 63, 66 (D.D.C. 2009); *Payne v. Salazar*, 628 F. Supp. 2d 42, 52 n.9 (D.D.C. 2009); *Marshall v. Honeywell Tech. Solutions, Inc.*, 536 F. Supp. 2d 59, 64 n.6 (D.D.C. 2008); *Hazel v. Wash. Metro. Transit Auth.*, No. 02-1375, 2006 WL 3623693, at *3 (D.D.C. Dec. 4, 2006); *see also Kilby-Robb v. Spellings*, 309 Fed. Appx. 422, 423 n.1 (D.C. Cir. 2009) ("[T]he mandatory exhaustion requirement is not jurisdictional."); *Cruz-Packer v. District of Columbia*, 539 F. Supp. 2d 181, 189-90 (D.D.C. 2008) (holding that Title VII and the ADEA's requirements that plaintiff satisfy certain administrative prerequisites before filing suit are not jurisdictional). This Court will thus treat defendants' motions accordingly. *See Marcelus v. Corr. Corp. of Am./Corr. Treatment Facility*, 540 F. Supp. 2d 231, 234-35 & n.4 (D.D.C. 2008) (Leon, J.); *see also Artis v. Bernanke*, 630 F.3d 1031, 1034 n.4 (D.C. Cir. 2011) ("[F]ailure to exhaust administrative remedies is not jurisdictional under current precedents").

core complaint via that very process. *See supra* pp. 7-8 & n.7; *Boivin v. U.S. Airways, Inc.*, 446 F.3d 148, 157 (D.C. Cir. 2006) (finding that plaintiffs failed to meet heavy burden of showing that their administrative request for relief would be futile where agency had already corrected two of the four errors plaintiffs initially alleged).

In short, this is a classic example of a "litigate first" and "seek administrative relief later" modus operandi. And because the plaintiff has made no showing that the delay[5] in the administrative proceedings has caused any prejudice to her, she has not sufficiently demonstrated that the Treasury's administrative review process should be bypassed. Accordingly, plaintiff's claims must be and are dismissed.[6]

---

[5] *See Cost v. SSA*, 770 F. Supp. 2d 45, 50-51 (D.D.C. 2011) ("Courts in this district have excused the exhaustion requirement for delays in the administrative process of three or more years"); *Johnson v. District of Columbia*, 368 F. Supp. 2d. 30, 43 (D.D.C. 2005) (finding that the "small benefit" of an expedited resolution through federal litigation, as opposed to administrative channels, is not sufficient to excuse the exhaustion requirement); *cf. Mobile Exploration & Producing U.S., Inc. v. Babbitt*, 913 F. Supp. 5, 14 (D.D.C. 1995) (concluding that an anticipated six-year time period for administrative proceedings was not an undue delay since the plaintiff failed to demonstrate that it would suffer prejudice from the delay).

[6] Although I have dismissed this case for failure to exhaust, it is important to note that plaintiff's core retirement benefits claim also appears to be moot. More specifically, voluntary cessation of a challenged activity renders a claim moot if "(1) there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely or irrevocably eradicated the effects of the alleged violation." *Nat'l Black Police Ass'n v. District of Columbia*, 108 F.3d 346, 349 (D.C. Cir. 1997) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)) (internal quotation marks omitted). Because there is no indication or suggestion that the Treasury's D.C. Pensions Office will revert to its earlier calculation of plaintiff's benefit payments, and the plaintiff does not challenge the accuracy of her recalculated retirement benefits (which she now receives on a monthly basis, along with a one-time retroactive adjustment to her annuity in the amount of $43,000), it seems that there is no longer a dispute between the parties regarding the plaintiff's benefits. *See* Def. Geithner's Sugg. of Mootness at 2-3.

## CONCLUSION

For all the foregoing reasons, defendants' Motions to Dismiss [Dkts. #7, #9] are hereby GRANTED. An appropriate order shall accompany this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge